**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-1790**

———————

I-77 PROPERTIES, LLC,

                                    Plaintiff - Appellant,

        versus

FAIRFIELD COUNTY,

                                    Defendant - Appellee.

———————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Joseph F. Anderson, Jr., Chief
District Judge.   (3:07-cv-01524-JFA)

———————

Submitted:  June 6, 2008              Decided:  July 30, 2008

———————

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Hamilton Osborne, Jr., John A. Hodge, Alexander G. Shissias,
HAYNSWORTH SINKLER  BOYD, P.A., Columbia, South Carolina, for
Appellant.   James S. Meggs, Ian D. McVey, CALLISON, TIGHE &
ROBINSON, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

I-77 Properties, LLC ("I-77"), a South Carolina limited liability company, appeals the district court's order dismissing in part and staying in part its complaint against Fairfield County, South Carolina, seeking a declaratory judgment, injunctive relief, and damages. I-77 was formed in 2003 for the purpose of operating a Construction and Demolition Debris and Land-Clearing ("C&D") Landfill in Fairfield County. I-77 applied to the South Carolina Department of Health and Environmental Control ("DHEC") for a permit to operate a C&D Landfill in Fairfield County in 2005, and leased a site in Fairfield County for use as a C&D Landfill in February 2006. The site it selected is zoned "RD" under Fairfield's zoning ordinance. I-77 alleges that Fairfield's Solid Waste Management Plan, originally adopted in 1994 pursuant to the South Carolina Solid Waste Policy and Management Act, S.C. Code §§ 44-96-10 through 44-96-230 (2002 & Supp. 2007) ("Solid Waste Act"), would have allowed the operation of a long-term C&D Landfill in Fairfield County, up until Fairfield amended the Plan in May 2006 and January 2007.

In April 2006, I-77 applied to Fairfield for a Certificate of Zoning Compliance for the site it had selected as a C&D Landfill. In May 2006 and January 2007, before responding to I-77's application, Fairfield adopted amendments to its Solid Waste Management Plan that would prevent I-77 from operating a C&D

- 2 -

Landfill on its chosen site.  I-77 submitted a second application for a Certificate of Zoning Compliance in April 2007, and Fairfield contemporaneously proposed to hold a public hearing concerning an ordinance that would prohibit the operation of landfills in districts zoned RD.  In May 2007, Fairfield denied I-77's application based upon the proposed zoning ordinance, and DHEC denied I-77's application based upon Fairfield's amendments to its Solid Waste Management Plan.  I-77 filed an administrative appeal of DHEC's permit application denial.

In its complaint in the district court, I-77 argued that Fairfield amended its Solid Waste Management Plan and adopted the new zoning ordinance specifically to prevent I-77 from operating a C&D Landfill on the proposed site, after I-77 applied for the necessary permits and expended time and money preparing to open and operate the landfill.  I-77 sought a judgment declaring that Fairfield's amendments to its Solid Waste Management Plan have no effect upon I-77's proposed C&D Landfill and that I-77 is entitled to a Certificate of Zoning Compliance.  I-77 also sought an injunction directing Fairfield to issue a Certificate of Zoning Compliance.  I-77 claimed damages under both 42 U.S.C. § 1983 (2000) and the South Carolina Constitution.

Fairfield filed a motion to dismiss without prejudice or to stay the proceedings, arguing that the district court should abstain from hearing I-77's complaint, pursuant to Burford v. Sun

<u>Oil Co.</u>, 319 U.S. 315 (1943), because the complaint seeks equitable and injunctive relief and involves state law claims of substantial public importance that should be decided through the administrative appeal process.

The district court dismissed I-77's claims for declaratory relief without prejudice, and stayed I-77's claims for damages pending the outcome of the state administrative proceedings, pursuant to <u>Burford</u>. The district court found that this case involves local zoning law, an area of great public concern, and determined that it would abstain from deciding I-77's claims for damages until the state administrative appeals process was completed. The court found that the ongoing review available in South Carolina's administrative courts would be adequate to address I-77's equitable claims, and that allowing this case to go forward in federal court would interfere with the state's established procedural mechanism. I-77 noted a timely appeal. We have jurisdiction to review the district court's abstention order pursuant to the collateral order doctrine. <u>See</u> <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706, 713 (1996).

In <u>Burford v. Sun Oil Co.</u>, 319 U.S. 315 (1943), the Supreme Court held that federal courts sitting in equity may decline to exercise their jurisdiction in special circumstances. Accordingly, the judiciary should abstain from deciding cases that present "difficult questions of state law bearing on policy

- 4 -

problems of substantial public import whose importance transcends the result in the case then at bar," or where adjudication in a federal forum "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 361 (1989) (citation and internal quotation marks omitted).

We review a district court's decision to abstain under the Burford doctrine for an abuse of discretion. Martin v. Stewart, 499 F.3d 360, 363 (4th Cir. 2007).

The Supreme Court declared in Quackenbush v. Allstate Ins. Co., 517 U.S. 706 (1996), that dismissal based on abstention principles is appropriate only where the relief sought is equitable. Where the plaintiff seeks damages, federal courts may not dismiss an action, but can stay proceedings to await conclusion of the state action. See id. at 728-31. Because the district court only dismissed I-77's claims for equitable relief, and stayed I-77's claims for damages, the district court did not err under Quackenbush if it properly abstained from hearing I-77's equitable claims pursuant to Burford.

In Pomponio v. Fauquier County Bd. of Supervisors, 21 F.3d 1319, 1324 (4th Cir. 1994) (en banc), we held that abstention and dismissal were appropriate where federal constitutional claims asserted by a real estate developer against a county boiled down to

- 5 -

questions of state land use law.  Id. at 1328.  The developer had claimed that the misconduct of county officials in rejecting his subdivision plan violated federal due process and equal protection. See id. at 1320.  The crux of the case, however, was "[w]hether the zoning ordinance was incorrectly construed."  Id. at 1322.  We concluded that "federal courts should not leave their indelible print on local and state land use and zoning law by entertaining these cases, and, in effect, sitting as a zoning board of appeals." Id. at 1327.  Although we have recognized that Quackenbush implicitly overruled that portion of Pomponio that permitted on abstention grounds dismissal of a claim for damages, Front Royal & Warren County Indus. Park v. Town of Front Royal, 135 F.3d 275, 282 (4th Cir. 1998), it is still clear that federal courts may dismiss claims for equitable relief on Burford abstention grounds while staying action on claims for damages.  Johnson v. Collins Entertainment Co., 199 F.3d 710, 727-28 (4th Cir. 1999).  Where, as here, the underlying dispute revolves around a question of zoning law, quintessentially a matter of state concern, Burford abstention on the claims for equitable relief was entirely appropriate. Johnson, 199 F.3d at 728-29; Pomponio, 21 F.3d at 721-22.[*]

---

[*]I-77 relies on Scott v. Greenville County, 716 F.2d 1409 (4th Cir. 1983).  However, abstention was not at issue in Scott because state review of the zoning claim had concluded prior to the filing of the federal action.  This procedural distinction renders Scott inapplicable.

I-77's argument that its permit application was wrongfully denied based upon the local zoning laws in effect at the time it filed its application is still pending before South Carolina's administrative courts. In the event that those courts determine I-77 was erroneously denied a permit, I-77 may return to federal court to pursue its claims for damages pursuant to § 1983 and the South Carolina constitution. The district court will be able to resolve I-77's damages claims more readily after the state courts have resolved the underlying zoning law issues. Accordingly, the district court did not abuse its discretion in dismissing I-77's equitable claims without prejudice and staying the proceedings as to I-77's damages claims.

For the reasons stated above, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED